FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 18 2006

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL K. CROY,<br>Plaintiff, | :: | CIVIL ACTION NO.<br>1:06-CV-2878-RWS |
| v. | :: | |
| UNKNOWN,<br>Defendant. | :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the White County Detention Center in Cleveland, Georgia, has submitted a one-page letter to the Court, which the Clerk of Court has docketed as the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

AO 72A
(Rev 8/82)

theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

## II. Plaintiff's allegations

Plaintiff alleges that he has been in custody at the White County Detention Center "going on 5 months" without a bond and without seeing "a public defender or any legal aid." [Doc. 1.] Plaintiff, a single father, claims that he needs to be released to take care of his twelve-year-old son and to pay his bills. Plaintiff states that his misdemeanor offenses have been upgraded to felonies, "which is impossible." He contends that his treatment is "extreme" and states that he does not need these charges on his record. [Id.] Plaintiff states that he has not been in serious trouble for sixteen years and asks for this Court to "please help." [Id.]

2

### III. Discussion

A federal court may not interfere in ongoing criminal proceedings in state court except in the most extraordinary circumstances. See Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions," id. at 53, and noted "the longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief," id. at 43-44. Younger abstention is therefore appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding, and Plaintiff has not alleged that he lacks an adequate opportunity to present those claims in his own criminal proceedings. See id. at 49 (noting that "a proceeding was already pending in the state court, affording [respondent] an opportunity to raise his constitutional claims" in that forum). The Supreme Court also noted in Younger that a litigant whose alleged injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . is not entitled to equitable relief," which is available only in extraordinary circumstances involving "bad faith or harassment." Id. at 49-50 (internal quotations omitted). Plaintiff has not alleged that

3

he has been subjected to such treatment, and, accordingly, <u>Younger</u> prohibits this Court's interference in his ongoing state criminal proceedings.

Furthermore, to the extent that Plaintiff seeks immediate release from custody, such relief is available only in a federal habeas corpus action. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). However, a fundamental prerequisite for federal habeas relief for a person in state custody is the exhaustion of his state court remedies. <u>See</u> <u>Fain v. Duff</u>, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); <u>see also</u> <u>Thomas v. Crosby</u>, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that "[a]mong the most fundamental common law requirements of [28 U.S.C.] § 2241 is that petitioners must first exhaust their state court remedies"). A district court may not grant habeas relief to a person in state custody unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the

right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c).

Plaintiff has at least two means of challenging the legality of his detention: (1) a petition for state habeas corpus relief, filed pursuant to O.C.G.A. § 9-14-1(a), which provides that "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint," and (2) a petition for a writ of mandamus, filed pursuant to O.C.G.A. § 9-6-20, which provides that "whenever, from any cause, a defect of legal justice would ensue from a failure to perform [official duties] or from improper performance, the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." Therefore, because it appears from the face of Plaintiff's complaint that he has not exhausted either of his available state court remedies, the Court declines to construe the instant action as a petition for habeas corpus relief.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 18th day of December, 2006.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6